BARRETT *v.* WESTERN AND ATLANTIC RAILROAD COMPANY.

</div>

EVANS, P. J. 1. On the trial of a suit to recover damages alleged to have been caused by fire originating from sparks negligently emitted from the defendant's locomotive, the plaintiff as a witness was asked how much insurance he had collected from the burned property. Objection was made to his answering the question; and counsel for the defendant stated that he wished to make the point whether the plaintiff could recover of the railroad company all of his loss, in addition to the amount he had received from the insurance company, and

wished to have a review of the decisions on that subject. The judge replied: "I will let him state the amount, and charge the jury that it has nothing to do with it." The witness answered that the property destroyed was worth $6,855.73, upon which he had collected $2,500 insurance. The judge did not instruct the jury as he stated he would do, but did instruct them that, if the plaintiff was entitled to recover, the measure of damages would be the full amount of his loss. *Held*, that it was erroneous to admit testimony that the plaintiff had received money from an insurance company on account of the destruction of the property by fire. *City of Rome* v. *Rhodes*, 134 *Ga.* 650 (68 S. E. 330). On the foregoing facts the error was prejudicial.

2. Other charges complained of, though not strictly accurate, were not harmful to the plaintiff.

<div align="center">

*Judgment reversed. All the Justices concur.*
AUGUST 14, 1915.

</div>

Action for damages. Before Judge Fite. Whitfield superior court. February 2, 1914.

*W. C. Martin* and *W. E. Mann,* for plaintiff.

*Tye, Peeples & Jordan* and *Maddox, McCamy & Shumate,* for defendant.