43222. PARTRIDGE et al. v. LEE.

SUBMITTED NOVEMBER 9, 1967—DECIDED DECEMBER 5, 1967.

*Walton Hardin,* for appellants.

*Fulcher, Fulcher, Hagler, Harper & Reed, William C. Reed, Ben B. Ross,* for appellee.

QUILLIAN, Judge. 1. This appeal raises two principal questions which will be considered in the order in which they were argued. The first question presented by the appeal is whether the trial court committed error in refusing to allow the defendant to introduce into evidence a proof of loss and loan receipt and a letter from an insurance company, and to cross examine the plaintiff and defendant concerning these documents. It was argued that they would show the plaintiff no longer had an interest in the car for which he sought damages and that the plaintiff had settled for an amount less than that sought in the instant suit.

This court has held that the fact of insurance is not before

the court in an action for damages. *Harper Warehouse v. Henry Chanin Corp.,* 102 Ga. App. 489, 493 (4, 5) (116 SE2d 641). Moreover, whether the plaintiff might have received payment for his loss from a third party is not relevant in a suit against a tortfeasor. *Thompson v. Milam,* 115 Ga. App. 396 (154 SE2d 721). As held in *Koon v. Atlantic C. L. R. Co.,* 90 Ga. App. 877, 879 (84 SE2d 703): "The fact that the plaintiff testified that she had paid for the repairs to the automobile in the amount of $925.60, but had received reimbursement therefor from her insurance company, constituted no defense to the plaintiff's claim for damages to her automobile. The policy of insurance was not in evidence, and there was no evidence of the terms or conditions under which the plaintiff received payment from the insurance company."

Here, in addition, the record reveals that the insured plaintiff received money under a loan receipt and had not transferred his interest in the car. Hence, the trial judge did not err in excluding the evidence.

2. The defendant argues that the court failed to give a fair and complete charge with respect to its contentions in that the court emphasized the plaintiff's contentions at the expense of the defendant. It is urged that the court devoted ninety percent of its charge to the plaintiff's contentions.

The appellant made no objection to the charge at the time it was offered. We have examined the charge and find no substantial error which was harmful as a matter of law within the meaning of *Code Ann.* § 70-207 (Ga. L. 1965, pp. 18, 31; Ga. L. 1966, pp. 493, 498). Therefore, the rule is applicable that where no objection to the charge is made before the jury returned its verdict, the enumeration of error will not be considered. *Nathan v. Duncan,* 113 Ga. App. 630, 638 (149 SE2d 383); *Gaines v. City of Gainesville,* 115 Ga. App. 220, 222 (154 SE2d 280); *Foskey v. State,* 116 Ga. App. 334, 335 (2) (157 SE2d 314).

*Judgment affirmed. Jordan, P. J., and Deen, J., concur.*