### 43410. EDWARDS v. ADAMS.

EBERHARDT, Judge. 1. Where the evidence upon the issues was conflicting an enumeration urging error in the denial of a motion for new trial as to the general grounds is without merit.

2. There was no error in excluding testimony of the plaintiff that "due to the downpour of rain I cautioned my son to drive careful." The statement was in the nature of a self-serving one. *Aripeka Sawmills v. Ga. Supply Co.,* 143 Ga. 210 (4) (84 SE 455) ; *Denton v. Etheridge,* 73 Ga. App. 221 (3) (36 SE2d 365). Cf. *Studdard v. Turner,* 91 Ga. App. 318 (1b) (85 SE2d 537). It had no probative value insofar as the negligence vel non of the son was concerned. *Augusta & S. R. Co. v. Randall,* 85 Ga. 297 (2) (11 SE 706).

3. (a) Where the plaintiff was asked on cross examination

whether his allegation that he had spent $882 for the repair of his automobile was quite correct answered, "My insurance company spent that money,"[1] the overruling of a motion by his counsel for a mistrial was not error, it appearing that plaintiff had received a bid of $852 for the making of the repairs, and it further appearing that the court immediately instructed the jury that the matter of whether there had been insurance was wholly immaterial to the issues on trial and that they should completely disregard the answer which plaintiff had made to the question. It is obvious that plaintiff, in giving this answer, had not understood what counsel sought from him. The answer was not responsive, and we can see no basis for concluding that the defendant was attempting to inject the matter of insurance for whatever advantage it might afford him with the jury. *Steinmetz v. Chambley,* 90 Ga. App. 519 (5) (83 SE2d 318).

See *Partridge v. Lee,* 116 Ga. App. 800 (159 SE2d 113), where, after plaintiff had testified that he had not assigned his claim to any third party, the defendant sought to introduce correspondence between the plaintiff-insured and the insurance company, as well as the proof of loss and the loan receipt, none of which contained an assignment. There was no motion for mistrial, only to exclude the evidence, which, as here, the court did.

(b) Moreover, it does not appear that the motion for mistrial was renewed after the court's ruling. *Kendrick v. Kendrick,* 218 Ga. 460 (4) (128 SE2d 496).

4. A contention that an additional principle of law should have been charged, not having been urged before verdict, is without merit. *Foskey v. State,* 116 Ga. App. 334 (2) (157 SE2d 314). This is particularly true where, as here, there was no written request for the additional charge. *Barnes v. Barnes,* 224 Ga. 92 (3).

---

[1] Nothing in the record indicates that there had been any assignment of the insured's claim, or whether the payment had been made under a "loan receipt," or some agreement authorizing the company to sue in the insured's name. See *Benefield v. Malone,* 110 Ga. App. 607, 612 (4) (139 SE2d 500), s.c., 112 Ga. App. 408 (1) (145 SE2d 732), and *Partridge v. Lee,* 116 Ga. App. 800 (159 SE2d 113), where the subrogation was under a "loan receipt."

*Judgment affirmed. Bell, P. J., Hall and Whitman, JJ., concur. Felton, C. J., and Pannell, J., concur as to Divisions 1 and 4, concur specially as to Division 2, but dissent as to Division 3. Jordan, P. J., and Quillian, J., concur as to all divisions save 3(b), as to which they dissent. Deen, J., concurs as to all Divisions save 3(a), as to which he dissents.*

SUBMITTED FEBRUARY 5, 1968—DECIDED MARCH 13, 1968— REHEARING DENIED MARCH 29, 1968.

*O. J. Tolnas*, for appellant.

*Hudson & Stula, Jim Hudson*, for appellee.

FELTON, Chief Judge, concurring specially in part and dissenting in part. 1. I concur in the ruling made in Division 1 of the majority opinion.

2. I concur specially in the ruling in Division 2.

3. I dissent from the ruling made in Division 3, for the reason that under the circumstances of this case I think that the court should have granted the plaintiff's motion for a mistrial. The plaintiff alleged in his petition that he expended the sum of $882.64 for the repair of his automobile to place it, as much as feasible, in nearly as good condition as it was in before the collision, considering the fact that the frame had been bent. The plaintiff introduced no such evidence as to such expenditure and simply sought to establish the amount of damage on the basis of the difference in the value of his automobile before and after the collision. On cross examination the defendant's attorney asked the plaintiff the following question: "Now, Mr. Edwards, you allege in Paragraph 10 that you spent $882 for repair of the automobile, and that is not quite correct, is it?" The plaintiff's answer to the above question was: "My insurance company spent that money." Whereupon, the plaintiff's attorney moved to rule out the reference to insurance and moved for a mistrial. Whereupon, the court, in the presence of the jury, ruled as follows: "Gentlemen of the jury, your concern in this case is solely whether or not the plaintiff has been damaged and if so, how much, and whether or not that damage was due to the negligence of the defendant. Now the question of whether or

not the insurance company paid or did not pay any of this has no bearing or relevancy whatever in this case, and you should give it no consideration whatsoever. Your sole function is to determine whether or not plaintiff has been damaged, and if so, how much; and if that damage was contributable to the negligence of the defendant. Do you ladies and gentlemen understand that?", to which ruling by the court the jurors are stated by the transcript to have nodded assent. It is my opinion that in spite of the apparent assent of the jury, indicating that they understood the judge's ruling, it was error for the court to deny the motion for a mistrial. Under the ruling of the court I think it is entirely possible that the jury could have found that the plaintiff was not damaged by reason of the fact that the insurance company paid for the damages to his automobile. I think the judge should have gone further and explained to the jury that they could have found that the plaintiff suffered damage in spite of the fact that the insurance company paid for the damages under the plaintiff's insurance policy. I do not think that what the judge told the jury removed the damage of the jury's misunderstanding of the effect of the payment by the plaintiff's insurance company for the damages to the plaintiff's automobile.

4. I further dissent from the ruling in Division 3 of the majority opinion for the reason that, under the circumstances in this case, there was no necessity for the plaintiff to renew the motion for a mistrial, inasmuch as the court, after having instructed the jury to disregard the evidence as to the payment by the insurance company and after the appellant further protested the action of the court, stated to counsel for appellant: "The record shows that you made your motion for mistrial and the court overrules the motion." In these circumstances there was no occasion for the plaintiff to renew his motion for a mistrial.

I concur in the rulings in Divisions 1 and 4 of the majority opinion. For the reasons stated above, I dissent from the judge's order denying the plaintiff's motion for a mistrial.