## 51700. KNIGHT v. ATLANTA TRANSIT SYSTEMS, INC.

ARGUED JANUARY 13, 1976 — DECIDED FEBRUARY 5, 1976 — REHEARING DENIED FEBRUARY 17, 1976 — 

*W. C. Dominy, Robert T. Efurd, Jr.,* for appellant.

*Hansell, Post, Brandon & Dorsey, Jule W. Felton, Jr., Paul Oliver,* for appellee.

CLARK, Judge.

Plaintiff sued the Atlanta Transit Systems, Inc. for injuries which she received from a fall when she alighted from a bus at a location on Auburn Avenue near Peachtree[1] Street. She testified her injuries were received upon descending at an unsafe stop where the pavement was broken and that this occurred at an early morning hour when the light was insufficient for her to observe the condition of the pavement. The defendant driver's testimony contradicted plaintiff in every material respect. The jury returned a verdict for defendant Transit Company. This appeal is from the denial of plaintiff's motion for new trial. *Held:*

---

[1]Atlanta has 28 streets bearing the name of Peachtree (spelled as one word); none of those thoroughfares contains a peach tree except in containers placed in front of commercial establishments.

1. Appellee's counsel has correctly dealt with plaintiff's contentions on the first three enumerations alleging error in the trial court's overruling of the general grounds of the new trial motion. Therefore, we adopt that section of appellee's brief: (For convenience we omit quotation marks and delete argumentative portions.)

Appellant, who was plaintiff in the trial court, contends that the appellee — defendant below — is a common carrier required to exercise extraordinary diligence by Code § 18-204. It is further the appellant's contention that having proved injury to appellant-passenger, Code § 68-710 raised the presumption that appellee carrier failed to exercise extraordinary care. Relying on the proposition that the presumption is rebutted only by proof that appellee exercised extraordinary diligence, appellant asserts:

"[T]here is absolutely nothing in his testimony that would indicate that the defendant exercised extraordinary diligence. Plaintiff contends that extraordinary diligence would be something like the driver getting off the bus and helping the ladies down." (Appellant's brief, pp. 5, 6).

However, appellant is in error with respect to the quantum of evidence necessary to rebut the presumption created pursuant to Code § 68-710. Appellant's formulation would place the entire burden of proof of plaintiff's claim upon the defendant; that is not the purpose of the statute. The purpose and operation of the statute is clearly stated in *McVeigh v. Harrison,* 68 Ga. App. 316, 319 (22 SE2d 752) as follows:

"The purpose of the statute was to create an inference and cast upon the defendant carrier the duty of producing some evidence to the contrary, and as we have seen when that is done the inference is at an end and the question of negligence becomes one for the jury upon all the evidence."

The court also stated at p. 317 that "The foregoing section [Code § 68-710] has served its purpose when it compels the railroad company [common carrier] to explain how the injury occurred, and the question of negligence is then to be decided by the facts of the case."

See also *Brown v. Kirkland,* 108 Ga. App. 651 (134 SE2d 472).

The rebuttal evidence showing defendant's due care with respect to the alleged negligence is clearly sufficient to terminate the inference created by Code § 68-710. Consequently, the question of negligence was for the jury under all the evidence.

Appellant further contends that extraordinary diligence would require the driver to get off the bus and help the ladies down. However, the general rule is to the contrary:

"Ordinarily a common carrier of passengers by streetcar or other conveyance on city streets discharges its legal duty to a passenger when it deposits him at a usual and reasonably safe place for alighting and crossing the street. . ." *Locke v. Ford,* 54 Ga. App. 322 (3) (187 SE 715). See also *Ga. & F. R. v. Thigpen,* 141 Ga. 90 (1a) (80 SE 626).

In the present case, plaintiff neither alleged nor proved any special circumstances which would raise any duty of defendant to physically assist the plaintiff's departure from the bus. The question in any event was for the jury:

"Whether in a given case the circumstances are such as to suggest the necessity of assisting a passenger to board or alight from a train or car is a question to be determined by the jury." *Metts v. Louisville &c. R. Co.,* 52 Ga. App. 115, 117 (182 SE 531).

2. Appellant's fourth enumeration asserts that certain bills for medical services rendered to plaintiff were erroneously excluded. As the jury returned a verdict for defendant on the issue of liability, "any error in the admission or exclusion of evidence relative to the injuries or damages, their extent, or expenses incurred in their treatment, was harmless and affords no ground for reversal. *Stubbs v. Greyhound Lines, Inc.,* 116 Ga. App. 58 (2) (156 SE2d 474), and see cases collected in *Maloy v. Dixon,* 127 Ga. App. 151, 156 (193 SE2d 19), footnote 2." *Parham v. Roach,* 131 Ga. App. 728, 730 (1) (206 SE2d 686).

3. The remaining enumeration argues that the contributory negligence rule is not the same in passenger

versus common carrier cases as it is in other tort cases because of the carrier's duty to exercise extraordinary diligence. This argument has no merit. The duty to exercise extraordinary care which is imposed upon common carriers as defendants does not abrogate the requirement which a tort plaintiff has under Code § 105-603 to exercise ordinary care for his own safety to avoid the consequences caused by the defendant's negligence.

*Judgment affirmed. Bell, C. J., and Stolz, J., concur.*