## 45117. POLITO v. HOLLAND et al.
### (365 SE2d 273)

GREGORY, Justice.

Polito was a passenger in an automobile driven by Holland when a collision occurred with another automobile operated by Harp. Polito sued Holland and Harp for damages arising out of her alleged injuries. The Tort Reform Act of 1987 (1987 Ga. Laws 915; OCGA § 51-

12-1 et seq.) became effective after suit was filed but before trial. Holland moved pursuant to OCGA § 51-12-1 (b) to amend the pre-trial order to allow evidence of collateral benefits received by Polito relative to the alleged damages. Polito filed a motion in limine seeking to block admission of collateral benefits. The trial court ruled the evidence admissible and therefore granted Holland's motion and denied Polito's motion. The case is here on interlocutory appeal. We reverse.

The issue for decision is whether OCGA § 51-12-1 (b) is to be given retroactive effect to events predating its enactment in a trial following its enactment.

1. The parties make powerful arguments regarding the legislative intent. Holland and Harp point to several indicators of an intent to give the law retroactive effect. Polito does the opposite. Intent is not expressed one way or the other in the statute in question. We must decide this case on the basis of established rules of construction where there is no expressed intent.

2. Generally statutes prescribe for the future and that is the construction to be given unless there is a clear contrary intention shown. *Talmadge v. Cordell,* 170 Ga. 13, 20 (152 SE 91) (1930); OCGA § 1-3-5. On the other hand, where a statute governs only procedure of the courts, including the rules of evidence, it is to be given retroactive effect absent an expressed contrary intention. *Pritchard v. The Savannah Street &c. Co.,* 87 Ga. 294 (13 SE 493) (1891); *Slaughter v. Culpepper,* 35 Ga. 25 (1866). These rules guide us to the result required in this case once it is determined whether OCGA § 51-12-1 (b) is procedural (evidentiary) or substantive. In order to do that we must consider the collateral source rule as it existed prior to the enactment of OCGA § 51-12-1 (b).

3. Substantive law is that law which creates rights, duties, and obligations. Procedural law is·that law which prescribes the methods of enforcement of rights, duties, and obligations. *Kilbreath v. Rudy,* 16 Ohio St. 2d 70 (242 NE2d 658 (3,4)) (1968); *Manuel v. Carolina Cas. Ins. Co.,* 136 S2d 275 (La. App. 1962). The collateral source rule is primarily substantive in nature. It gives a party the right to recover damages undiminished by collateral benefits. It refuses credit to the benefit of a tortfeasor of money or services received by the plaintiff in reparation of the injury or damage caused which emanate from sources other than the tortfeasor. R. Maxwell, The Collateral Source Rule in the American Law of Damages, 46 Minn. L. Rev. 669, 670 (1962). "The collateral source rule, stated simply, is that the receipt of benefits or mitigation of loss from sources other than the defendant will not operate to diminish the plaintiff's recovery of damages." R. Sedler, The Collateral Source Rule and Personal Injury Damages: The Irrelevant Principle and the Functional Approach, 58 Ky. L. Rev. 36, 38 (1969). Apparently the rule came into Georgia law through the

opinion of Judge Samuel Lumpkin[1] in *The Western & Atlantic Railroad v. Meigs*, 74 Ga. 857 (1885). He wrote that damages due a widow on account of the wrongful death of her husband caused by the negligence of the defendant railroad should not be reduced by the amount of life insurance proceeds she received. The rule has been applied in many decisions under varying circumstances. (See the collection of cases by Judge Eberhardt in *Cincinnati, New Orleans &c. R. Co. v. Hilley*, 121 Ga. App. 196, 201 (173 SE2d 242) (1970)).

For a resolution of the case at hand it is important to understand there are two consequences of the collateral source rule. One is substantive and is that damages are not reduced by the amount of collateral benefits plaintiff receives. The other consequence of the rule is evidentiary in effect. Because of the substantive consequence of the rule, evidence of collateral benefits is not generally material.

The first consequence of the rule is simply a direct application of the substantive principle. Collateral benefits do not reduce damages. A good example of a straightforward application of this consequence of the rule is *Western & Atlantic R. Co. v. Sellers*, 15 Ga. App. 369 (83 SE 445) (1914). There evidence was admitted that the employer gave plaintiff his wages during the time he was unable to work because of his injuries. The trial judge correctly charged the jury that plaintiff was entitled to recover lost wages from defendant notwithstanding the gratuitous payment by his employer.

The second consequence is a result of the interaction between the collateral source rule and a rule of evidence. If collateral benefits may not be set off against damages, evidence of collateral benefits is immaterial in a damage case. Certainly that is true if the only proposition for which it is offered is in reduction of damages, because it is then offered to help prove a proposition which is not a matter in issue. (Materiality is used here as one component of the rule of relevancy. Cleary, Ed., McCormick On Evidence, § 185 (1984)). The substantive collateral source rule removes the proposition as an issue in the case and the evidence rule of materiality precludes proof of collateral benefits. *Barrett v. Western & Atlantic R. Co.*, 144 Ga. 47 (85 SE 1016) (1915); *Partridge v. Lee*, 116 Ga. App. 800 (159 SE2d 113) (1967). To the extent the rationale of *Bryan v. Bryan*, 242 Ga. 826 (251 SE2d 566) (1979) differs with that expressed here, it will not be followed.

Of course there may be another issue in a case to which evidence of collateral benefits is material. When such evidence is admitted on another issue it is proper to charge the jury that collateral benefits shall not reduce damages the tortfeasor is otherwise liable to pay.

---

[1] Judge Lumpkin was then the superior court judge for the Northern Circuit. He later became a Justice of this Court. Deen and Henwood, Georgia's Appellate Judiciary, p. 55 (1987).

*Western & Atlantic R. Co. v. Sellers*, supra.

Professor Sedler has pointed out that some attorneys believe it is unnecessary to abolish the collateral source rule in order to eliminate or reduce its effect. *Sedler*, supra at p. 48. That view holds that if evidence of collateral benefits is admitted on any issue or for whatever reason, a jury is likely to reduce its award of damages in spite of a substantive rule requiring otherwise. There have apparently been such "flanking movements" in a number of Georgia cases. *Partridge*, supra; *Cagle v. Atchley*, 127 Ga. App. 668, 673 (194 SE2d 598) (1972).

With the foregoing in mind the law regarding the collateral source rule could be altered either to work a substantive change or a procedural change. To change the substantive consequence of the collateral source rule the law would provide that collateral benefits shall reduce damages. Evidence of collateral benefits would, of course, be material under such a substantive rule. To change the procedural consequence of the collateral source rule the law would be that an exception to the evidentiary rule of materiality is that collateral benefits are admissible. The judge would instruct the jury that collateral benefits shall not reduce damages. What effect should be given such evidence is difficult to say unless the substantive rule is also changed, but a mere change in the procedural rule is at least theoretically possible.

4. Now let us consider OCGA § 51-12-1 (b). It provides "[i]n any civil action, whether in tort or in contract, for the recovery of damages arising from a tortious injury in which special damages are sought to be recovered or evidence of same is otherwise introduced by the plaintiff, evidence of all compensation, indemnity, insurance (other than life insurance), wage loss replacement, income replacement, or disability benefits or payments available to the injured party from any and all governmental or private sources and the cost of providing and the extent of such available benefits or payments shall be admissible for consideration by the trier of fact. The trier of fact, in its discretion, may consider such available benefits or payments and the cost thereof but shall not be directed to reduce an award of damages accordingly."

We note first that the statute clearly works a procedural (evidentiary) change of law because evidence of collateral benefits becomes admissible whereas it was formerly considered immaterial. If the statute required that the trier of fact be charged to reduce damages by collateral benefits it would clearly work a substantive change of law also. However, the statute requires no such charge. In fact such a charge is prohibited. The statute only provides that the trier of fact "in its discretion, may consider" collateral benefits. We construe this to mean the trier of fact may reduce damages according to collateral

benefits or not reduce damages. It is within the discretion of the trier of fact. This works a substantive change of law since damages *may*, under the statute, be reduced by collateral benefits, contrary to prior law.

5. OCGA § 51-12-1 (b) works a substantive change in the law governing collateral benefits. There is no expressed or clear intention of the legislature to give the statute retroactive effect. Therefore it shall be given prospective effect only and does not apply to this case.

*Judgment reversed. All the Justices concur.*

DECIDED MARCH 9, 1988.

King & King, David G. King, Bernard L. Hoppenfeld, for appellant.

Gary M. Cooper, Victor Alexander, Jr., E. Freeman Leverett, for appellees.

Gene Mac Winburn, Morton G. Forbes, Wiley A. Wasden III, Richard A. Marchetti, Irwin W. Stolz, Jr., Seaton D. Purdom, J. Kenneth Moorman, amici curiae.