76092. QUALITY RENTAL COMPANY, INC. et al. v. GRIER.
(369 SE2d 276)

CARLEY, Judge.

This tort action arose out of a collision between two vehicles. Appellee-plaintiff was a passenger in one of the vehicles. The other vehicle was being driven by appellant-defendant Arthur Anderson while he was in the course of his employment with appellant-defendant Quality Rental Company, Inc. Appellee brought suit, alleging that appellant Anderson had been negligent in his operation of the vehicle and that his negligence was imputable to appellant Quality Rental Company, Inc. under the theory of respondeat superior. In their answers, appellants denied the material allegations of appellee's complaint. The case proceeded to trial before a jury. The jury returned a verdict in favor of appellee and against both appellants. Appellants appeal from the judgment which was entered by the trial court on the jury's verdict.

1. The trial court refused to admit evidence of collateral payments received by or made on behalf of appellee for the medical expenses which she had allegedly incurred as a result of the collision. Relying upon OCGA § 51-12-1 (b), appellants enumerate this evidentiary ruling by the trial court as error.

Appellee's cause of action arose prior to July 1, 1987, which was the effective date of OCGA § 51-12-1 (b). Appellants urge, however, that OCGA § 51-12-1 (b) would nevertheless be applicable because this case was tried subsequent to the statute's effective date. "OCGA § 51-12-1 (b) works a substantive change in the law governing collateral benefits. There is no expressed or clear intention of the legislature to give the statute retroactive effect. Therefore it shall be given prospective effect only and does not apply [where the cause of action arose prior to the effective date of the statute]." *Polito v. Holland*, 258 Ga. 54 (5) (365 SE2d 273) (1988). See also *Bryan v. King*, 187 Ga.

App. 7 (369 SE2d 278) (1988). Since OCGA § 15-12-1 (b) is inapplicable to this case, it follows that the trial court correctly refused to admit evidence concerning collateral payments.

2. Appellants enumerate as error the trial court's refusal to give a requested charge based upon the provisions of OCGA § 51-12-1 (b). This enumeration of error is controlled adversely to appellants' contention by the holding in *Polito v. Holland*, supra, and by Division 1 of this opinion.

3. Over appellants' objection, the trial court allowed the investigating officer to give her opinion as to the speed that appellant Anderson was travelling at the time of the collision. On appeal, appellants enumerate this ruling as error, contending that the investigating officer's opinion was based in part on hearsay.

Our review of the record shows that, on direct examination, the investigating officer was, in fact, allowed to give her opinion as to the speed that appellant Anderson was travelling at the time of the collision and the basis for her opinion. Nothing in her testimony, however, would indicate that her opinion was based in part upon hearsay. Compare *Haynes v. Huff*, 165 Ga. App. 192 (299 SE2d 902) (1983); *Avant Trucking Co. v. Stallion*, 159 Ga. App. 198 (1) (283 SE2d 7) (1981); *Calhoun v. Chappell*, 117 Ga. App. 865 (162 SE2d 300) (1968); *Augusta Coach Co. v. Lee*, 115 Ga. App. 511 (154 SE2d 689) (1967). On cross-examination of the investigating officer, appellants did not undertake to show that her opinion was based in part on hearsay. It follows that there was no error in admitting the testimony. " 'A qualified witness may give opinion evidence as to speed based on data observed immediately after a collision, such as skid marks, distances, and the positions of and damage to the vehicles. If it be developed by further examination that the opinion is based on inadequate knowledge, this goes to the credibility of the witness rather than to the admissibility of the evidence.' [Cits.]" *Firestone Tire &c. Co. v. King*, 145 Ga. App. 840, 846 (6) (244 SE2d 905) (1978).

*Judgment affirmed. Deen, P. J., and Sognier, J., concur.*

DECIDED APRIL 13, 1988 —
REHEARING DENIED APRIL 28, 1988.

*Thomas C. James III*, for appellants.
*Craig M. Childs, Robert S. Slocumb*, for appellee.