## 76163. BRYAN et al. v. KING et al.
### (369 SE2d 278)

CARLEY, Judge.

Appellant-plaintiff Skyler Bryan brought suit against appellee-defendants to recover damages for injuries he allegedly sustained in a two-vehicle collision. Appellant-plaintiff Yvonne Bryan brought a separate suit against appellees to recover for her loss of consortium. Appellees answered, denying the material allegations of the complaints. The two actions were consolidated for a single trial. Before the case was brought to trial, the trial court entered an order which was to the effect that evidence of collateral payments which had been received by appellant Mr. Bryan would be admissible at trial. See OCGA § 51-12-1 (b). The trial court, however, also certified its order for immediate review and this appeal results from this court's grant of appellants' application for an interlocutory appeal.

Appellants urge that OCGA § 51-12-1 (b) does not apply to this case because their causes of action arose prior to July 1, 1987, the date that the statute became effective. "OCGA § 51-12-1 (b) works a substantive change in the law governing collateral benefits. There is no expressed or clear intention of the legislature to give the statute retroactive effect. Therefore it shall be given prospective effect only and does not apply [where the cause of action arose prior to the effective date of the statute]." *Polito v. Holland*, 258 Ga. 54, 58 (365 SE2d 273) (1988). See also *Quality Rental Co. v. Grier*, 187 Ga. App. 5 (369 SE2d 276) (1988). Since OCGA § 51-12-1 (b) is not applicable under the present facts, it follows that the trial court erred in ruling that evidence of collateral payments received by appellant Mr. Bryan would be admissible upon the trial of this case.

*Judgment reversed. Deen, P. J., and Sognier, J., concur.*

DECIDED APRIL 13, 1988.

*Paul C. Myers, Wesley Williams*, for appellants.
*John A. Dickerson*, for appellees.