76180. LE TWIGGE, LTD. et al. v. WAMMOCK & COMPANY.
(370 SE2d 631)

CARLEY, Judge.

Appellant-plaintiffs operated retail establishments which were located on the first floor of a shopping center. Appellee-defendant occupied the premises directly above appellants' establishments. In February of 1983, a fire broke out in appellee's premises and the overhead sprinkler system was activated. The sprinklers operated for a number of hours without being detected and, as the result, appellants' establishments were flooded. Appellants brought this tort suit, alleging that the extensive water damage to their property was the proximate result of appellee's negligence. Appellee answered, denying the material allegations of the complaint. The case came on for a jury trial. As to each appellant, the jury returned a verdict in the amount of $100. Pursuant to this court's grant of their application for a discretionary appeal, appellants appeal from the judgments which were entered on the jury's verdicts.

In their sole enumeration of error, appellants urge that the dam-

ages awarded by the jury were inadequate. "The general rule on appeal of an award of damages is that a jury's award cannot be successfully attacked so as to warrant a new trial unless it is so flagrantly excessive or inadequate, *in the light of the evidence*, as to create a clear implication of bias, prejudice, or gross mistake on the part of the jurors. [Cits.]" (Emphasis supplied.) *Cullen v. Timm*, 184 Ga. App. 80, 82-83 (2) (360 SE2d 745) (1987). The uncontroverted evidence adduced at the trial of this case showed that, as a result of the flooding, each appellant had suffered extensive property damage in excess of $20,000. However, there was also evidence, admitted without objection, showing that, with the exception of a $100 deductible, appellants had been fully compensated for their damages by their insurance carrier. Since appellants' causes of action arose in 1983, the evidence of their receipt of payments from a collateral source would *not* have been admissible under OCGA § 51-12-1 (b). "There is no expressed or clear intention of the legislature to give [OCGA § 51-12-1 (b)] retroactive effect. Therefore, it shall be given prospective effect only and does not apply to this case." *Polito v. Holland*, 258 Ga. 54, 58 (5) (365 SE2d 273) (1988). Accordingly, the issue to be decided is whether, in light of the uncontested admission of this immaterial evidence of appellants' receipt of payments from a collateral source, the jury's awards of $100 as reparation for the $20,000 in damages which they had incurred were so flagrantly inadequate as to require the reversal of the judgments entered thereon.

In *Polito v. Holland*, supra at 55 (2), our Supreme Court discussed "the collateral source rule as it existed prior to the enactment of OCGA § 51-12-1 (b)." The Supreme Court concluded that "[t]he collateral source rule is primarily substantive in nature. It gives a party the right to recover damages undiminished by collateral benefits. It refuses credit to the benefit of a tortfeasor of money or services received by the plaintiff in reparation of the injury or damage caused which emanate from sources other than the tortfeasor. [Cit.] 'The collateral source rule, stated simply, is that the receipt of benefits or mitigation of loss from sources other than the defendant will not operate to diminish the plaintiff's recovery of damages.' [Cit.]" *Polito v. Holland*, supra at 55 (3). It would, therefore, follow that the case at bar was erroneously tried and submitted to the jury pursuant to an inapplicable rule of procedural and substantive law. Under the applicable rule of procedural and substantive law, the immaterial evidence as to appellants' receipt of benefits from their insurer should not have been introduced and that evidence should not have been given the legal effect of diminishing their recovery of damages from appellee. "[I]t is important to understand there are two consequences of the collateral source rule. One is substantive and is that damages are not reduced by the amount of collateral benefits plaintiff receives. The

other consequence of the rule is evidentiary in effect. Because of the substantive consequence of the rule, evidence of collateral benefits is not generally material." *Polito v. Holland*, supra at 56 (3).

However, the determination that this case was erroneously tried and submitted to the jury pursuant to an inapplicable rule of procedural and substantive law does not end our inquiry. The record shows that appellants failed to object to appellee's introduction of evidence as to their receipt of payments from collateral sources. More significantly, it was appellants themselves who *first introduced* the topic of their receipt of those payments into evidence. It is thus clear that appellants elected to try this case as if OCGA § 51-12-1 (b) were applicable. "Where a party voluntarily adopts a certain form of procedure or agrees to the manner in which his rights shall be submitted for determination in the trial court, he will not be permitted to complain, on appeal or error, that proceedings had in conformity thereto were erroneous." 5 CJS 943, Appeal & Error, § 1508a. "In short, [a party] cannot, in the hope or expectation of obtaining a verdict in his own favor, follow a trial tactic which he may believe to be advantageous but which results in a waiver and, when a verdict is returned which he now seeks to overturn, enumerate the error as a ground for setting it aside. [Cit.]" *Maloy v. Dixon*, 127 Ga. App. 151, 163 (4) (193 SE2d 19) (1972). "Thus, a party cannot be heard to complain of a verdict which was based upon incompetent evidence introduced by himself." 5 CJS 947, Appeal & Error, § 1509. "A party cannot claim error because of a reference to insurance where he himself committed or invited the error, as where reference is made on direct examination, or cross-examination, of witnesses." 5 CJS 944, Appeal & Error, § 1508a. "One cannot complain of a judgment, order or ruling that his own procedure or conduct procured or aided in causing, nor can he be heard to complain of or question a judgment which he invokes. [Cits.]" *Saturday v. Saturday*, 224 Ga. 236, 239 (161 SE2d 509) (1968). "Thus, appellant[s] cannot complain that the judgment was excessive . . . where the result reached was superinduced by an adherence to [their] own theory of the case. . . ." 5 CJS 951-952, Appeal & Error, § 1511. The erroneous trial and submission of the case to the jury under an inapplicable rule of procedural and substantive law having been induced or invited by appellants, the judgments must be affirmed.

*Judgments affirmed. Deen, P. J., and Sognier, J., concur.*

DECIDED MAY 25, 1988 —
REHEARING DENIED JUNE 8, 1988 —

*John F. Daugherty, Donald J. Sharp*, for appellants.

*Peter K. Kintz, R. Scott Graham,* for appellee.