A89A0418. MALLORY v. DANIEL LUMBER COMPANY, INC.
(381 SE2d 406)

BANKE, Presiding Judge.

The appellee contracted to build a commercial office building for the appellant for a base price of approximately $644,000. The con-

tract specified that "[a]ll changes in price will become a part of the contract when both parties have signed their acceptance." After the appellant had made progress payments totalling approximately $521,000, a dispute arose between the parties over how much remained to be paid for the work which had thus far been performed on the project. As a result of this dispute, the appellant refused to make additional progress payments, and the appellee ultimately discontinued work on the project.

The appellee brought the present action against the appellant seeking to recover the difference between the total contract price for the construction, including authorized changes and add-ons, and the total amount the appellant had paid on the contract, a difference calculated by the appellee to be $128,822. The appellee also sought to recover accrued interest on this alleged indebtedness in the amount of $21,000, plus attorney fees in the amount of $25,000 for bad faith and stubborn litigiousness. The appellant counterclaimed to recover the estimated cost of completing the work, plus attorney fees, in the total amount of $105,000. The case was tried before a jury, which awarded the appellee damages in the total amount of $174,862.92 (representing all of the actual damages, interest, and attorney fees which it had sought) and also found in favor of the appellee on the appellant's counterclaim. This appeal followed. *Held:*

1. The appellant contends that the trial court erred in allowing the appellee to introduce evidence concerning an insurance settlement which he (the appellant) had received as compensation for water damage caused by a defective drinking fountain installed in the building during the later stages of the construction. The trial court allowed this evidence based on a determination that it was permitted under OCGA § 51-12-1 (b) (Ga. L. 1987, p. 915, § 3), which abrogated the collateral source rule in Georgia. Subsequent to trial, however, our Supreme Court, in *Polito v. Holland,* 258 Ga. 54 (365 SE2d 273) (1988), ruled that this statute is not to be applied retroactively to events predating its enactment. Accord *A. H. Friedman, Inc. v. Augusta Burglar Alarm Co.,* 186 Ga. App. 769 (368 SE2d 534) (1988); *Bryan v. King,* 187 Ga. App. 7 (369 SE2d 278) (1988). Because the events which gave rise to the present action occurred prior to the effective date of the statute, the trial court's decision to allow the evidence must, therefore, be considered erroneous. However, for the reasons which follow, we conclude that the error was harmless under the circumstances of this case.

A portion of the damages which the appellant sought in his counterclaim reflected the losses which he had allegedly sustained as a result of the appellee's failure to have the building ready for occupancy by the completion date specified in the contract. At trial, the appellee sought to prove that this delay had resulted, at least in part, from the

water damage caused by the defective fountain and that the appellant had already been compensated for these damages by the money which he had received from the insurance settlement. Because the jury ultimately found in favor of the appellee on the counterclaim, and because the evidence in question went solely to the issue of the damages sought in connection therewith, it follows that the admission of this evidence could not have affected the jury's verdict and affords no ground for reversal. See generally *Knight v. Atlanta Transit Systems*, 137 Ga. App. 667, 669 (2) (224 SE2d 790) (1976); *Maloy v. Dixon*, 127 Ga. App. 151, 156, fn. 2 (193 SE2d 19) (1972). We reject the appellant's contention that reversal is warranted on the basis of the prejudicial effect this evidence may have had on his credibility when considered in the context of other evidence suggesting that he had sought to inflate the insurance claim so as to recover substantially more benefits from the insurance company than he was entitled to. If the appellant's credibility was thus impugned, it was not the evidence concerning the amount of insurance benefits he actually received which was prejudicial to him but rather the evidence concerning his initial demands upon the insurance company, to which no objection was made.

2. The appellant contends that there was no evidence of bad faith or stubborn litigiousness on his part to support an award of attorney fees as expenses of litigation. See generally OCGA § 13-6-11. We agree. "The bad faith referred to in the Code is not bad faith in refusing to pay but bad faith in the transaction out of which the cause of action arises." *Jordan Bridge Co. v. I. S. Bailey, Jr., Inc.*, 164 Ga. App. 124, 125 (5) (296 SE2d 107) (1982). There is no evidence in this case which would suggest that the dispute which occurred between the parties was due to anything other than a good-faith belief on the part of the appellant that the appellee was asking him to pay more than he was contractually obligated to pay.

Similarly, there was no basis for an award of attorney fees based on stubborn litigiousness. "Recovery of attorney fees for stubborn litigiousness is not authorized where there is a bona fide controversy." *Bayliner Marine Corp. v. Prance*, 159 Ga. App. 456, 461 (283 SE2d 676) (1981). A bona fide controversy existed in this case over such issues as (1) whether the costs set forth in the contract for certain supplies and fixtures constituted the agreed-upon cost to the appellant of those items or merely "allowances" (or estimates) for them; (2) whether the appellant, by this conduct, had waived or become estopped to assert the requirement for change orders to be in writing; and (3) to what extent the work called for by the contract had been completed at the time the appellee discontinued work on the project. For these reasons, the recovery of attorney fees cannot stand; and the judgment of the trial court is accordingly affirmed only on condition

that the appellee agree to write off the attorney fees, failing which, the judgment shall stand reversed.

*Judgment affirmed on condition. Sognier and Pope, JJ., concur.*

DECIDED APRIL 3, 1989.

*Powell, Goldstein, Frazer & Murphy, R. Carl Cannon, V. Scott Greene, Tisinger, Tisinger, Vance & Greer, Robert H. Sullivan,* for appellant.

*Willis, McKenzie & Long, C. Jerry Willis, Edward L. Long, Jr.,* for appellee.