A02A0878. IN THE INTEREST OF T. S. T., a child.
A02A0879. IN THE INTEREST OF J. V. T., a child.
A02A0880. IN THE INTEREST OF L. C. T., a child.
(571 SE2d 416)

ELLINGTON, Judge.

In these consolidated cases, Larry Samuel Thurmond appeals from the August 27, 2001 juvenile court order dismissing his petitions to terminate his former wife's parental rights to their three minor children, T. S. T., J. V. T., and L. C. T. His suits were private termination actions; the Department of Family & Children Services was not involved. Citing OCGA § 15-11-58 (a), the juvenile court dismissed the petitions as premature because Thurmond had not sought a reunification plan or pleaded facts that would lead to a conclusion that a reunification plan was not required. Because a reunification plan is not mandated by this Code section under the facts of this case, we reverse that portion of the court's order dismissing the petition as premature.

Several months after Thurmond's appeal was docketed, this Court concluded that OCGA § 15-11-58 (a) applied to deprivation petitions brought by private individuals because, at the time, there was nothing in the language of that Code section specifically limiting its application to cases initiated by the Department of Family & Children Services. *In the Interest of J. W. K.*, 254 Ga. App. 661 (563 SE2d

---

[3] *Wilcox v. State*, 236 Ga. App. 235, 236 (2) (511 SE2d 597) (1999).

514) (2002). Shortly after this decision issued, however, the legislature amended OCGA § 15-11-58 (a) as follows:

> A court's order removing a child from the child's home shall be based upon a finding by that court that continuation in the home would be contrary to the welfare of the child. ~~The~~ *If the court places custody of the child in the Division of Family and Children Services of the Department of Human Resources*, the court shall also determine as a finding of fact whether reasonable efforts were made by the Division of Family and Children Services of the Department of Human Resources and any other appropriate agencies to preserve and reunify families prior to the placement of a child in ~~foster care~~ *the custody of the Department of Human Resources*, to prevent or eliminate the need for removal of the child from that child's home, and to make it possible for the child to return safely to the child's home. Such findings shall also be made at every subsequent review of the court's order under this chapter.

(Amendments emphasized; deleted portions of prior law struck through.) OCGA § 15-11-58 (a), as amended by Ga. L. 2002, p. 1173, § 1 (SB 428). This amended Code section became effective upon the Governor's signature on May 16, 2002.

It is well established that an appellate court applies the law as it exists at the time its decision is rendered. *Elmore v. State*, 269 Ga. 528, 530 (4) (501 SE2d 215) (1998). Where a statute governs only the procedure of the courts, it is to be given retroactive effect absent an express contrary intention. *Polito v. Holland*, 258 Ga. 54, 55 (365 SE2d 273) (1988). OCGA § 15-11-58 (a) governs the procedure a court applies when making factual findings in support of certain child custody orders. As such, it is procedural in character. See id. Consequently, we apply it retroactively.

It is axiomatic that in interpreting a plain and unambiguous enactment we must give its words their plain and ordinary meaning, except for words which are terms of art or have a particular meaning in a specific context. OCGA § 1-3-1 (b). Amended OCGA § 15-11-58 plainly states that reunification plans are only required when the court removes a child from his or her home and places him or her in the custody of the Department of Human Resources. The Department of Human Resources was not involved in this private action and was not seeking custody of the children involved. Therefore, the juvenile court erred in dismissing Thurmond's petition for failing to comply with the reunification plan requirements of OCGA § 15-11-58 (a). We reverse that portion of the order appealed and remand these cases to the trial court for further proceedings.

*Judgment reversed. Smith, P. J., and Eldridge, J., concur.*

DECIDED SEPTEMBER 12, 2002.

*McDonald & Cody, Douglas W. McDonald, Sr., Paula O. Free*, for appellant.

*Thomas A. Camp, Deidra L. Schad*, for appellee.