A04A1885. CARNES v. REECE et al.

(610 SE2d 135)

MIKELL, Judge.

Robert Gary Carnes filed a personal injury action against Sandy Reece, individually and d/b/a Reece Towing Company. The complaint alleged that while Carnes was helping Reece move a building that had been donated to a charity, Reece prematurely engaged a mechanical device designed to drag the structure onto the tow truck before Carnes was safely out of the way. According to Carnes, the device snapped against his leg, causing him injury. The complaint was served on Reece's father-in-law. Reece answered and asserted improper service as a defense. In addition, Reece contended in the pretrial order that he was not properly served. The parties did not engage in discovery. On the date the case was scheduled for trial, Reece orally moved to dismiss for improper service. The trial court held an evidentiary hearing on the motion and granted it. Carnes appeals, and we affirm.

Carnes does not challenge the trial court's finding that service of process was improper. Rather, Carnes contends that the court erred in permitting Reece to assert the defense without filing a particularized application for a preliminary hearing before trial and in allowing Reece to make an oral motion.

OCGA § 9-11-12 (b) provides that certain defenses, including insufficiency of service of process,[1] may be asserted either in the answer or by motion made at the time the responsive pleading is due. OCGA § 9-11-12 (d), upon which Carnes relies, states that whether the defense is asserted in a pleading or by motion, such defense "shall be heard and determined before trial on application of any party unless the court orders that the hearing and determination thereof be deferred until the trial." We have previously held that the proper procedure for resolving an OCGA § 9-11-12 (b) defense is an application for a preliminary hearing.[2] Carnes contends that because Reece

[1] OCGA § 9-11-12 (b) (5).

[2] *Hayes v. Superior Leasing Corp.*, 136 Ga. App. 98, 99-100 (220 SE2d 86) (1975). See also

did not request a preliminary hearing, but instead waited until the day of trial to present argument and evidence on the defense, he waived it. Under the circumstances presented in this case, we do not agree.

Reece asserted the defense both in his answer and in the pretrial order. In deciding to hear Reece's motion to dismiss, the trial court determined that Carnes was not prejudiced because there had been no substantial work on the case. Neither party propounded interrogatories or deposed witnesses. Although the pretrial order required the parties' counsel to exchange lists of witnesses and exhibits ten days before trial, Carnes's counsel did not submit documentary evidence to Reece's attorney until the night before trial, and neither party provided a witness list. Carnes's counsel indicated that his only witnesses were his client and his client's wife. Reece's attorney stated that he planned to go forward without witnesses or documents.

The court then proceeded to consider the motion to dismiss. The return of service, marked "notorious," showed that the complaint was served on Mitchell Rider, who was domiciled at Reece's residence. However, Rider, who is Reece's father-in-law, testified that he and Reece did not live together. Rider testified that the deputy handed him the summons and complaint at an accident site and asked him to give the papers to Reece. Counsel for Carnes proffered the testimony of the officer who served the complaint. According to the proffer, the officer went to Reece's residence, but he was not at home. The officer was then called to a traffic stop, at which Reece Towing was present, so he served Rider as a representative of the company. According to Rider's testimony, his sole responsibility was towing cars.

After the officer testified, counsel for Reece reduced to writing the motion to dismiss for insufficient service of process. The court decided to treat the motion as an application for a preliminary hearing. Based on the evidence, the court granted the motion.

Carnes's contention that Reece waived the defense by failing to file a particularized application prior to the date set for trial fails. Reece preserved the defense by specifically raising it in his answer.[3] "After a party has properly raised such a defense, it will only be found waived if the party later engages in conduct so manifestly indicative of an intention to relinquish a known right or benefit that no other reasonable explanation of its conduct is possible."[4] Reece did not

---

*Cohen v. William Goldberg & Co.*, 202 Ga. App. 172, 181 (6) (a) (413 SE2d 759) (1991), rev'd in part on other grounds, 262 Ga. 606 (423 SE2d 231) (1992).

[3] *Roberts v. Bienert*, 183 Ga. App. 751, 753-754 (2) (360 SE2d 25) (1987).

[4] (Citation omitted.) *Heis v. Young*, 226 Ga. App. 739, 740 (3) (487 SE2d 403) (1997). Accord *Joyner v. Schiess*, 236 Ga. App. 316, 317 (512 SE2d 62) (1999).

engage in such conduct. "[Reece] did not waive his procedural defenses by participating in substantial litigation on the merits, or by consenting to a pretrial order that did not list the procedural defense as a remaining issue."[5] Although the pretrial order stated that there were no motions or other matters pending for the court's consideration, the argument that "service of process upon defendant was not proper" was specifically listed as one of Reece's contentions. Therefore, the defense was not waived. Moreover, in light of Carnes's failure to show prejudice, the trial court did not abuse its discretion in converting the proceeding into a preliminary hearing.[6] Finally, an oral motion to dismiss made on the eve of trial has been held to preserve service defenses.[7] Thus, Reece's failure to reduce the motion to writing before the hearing does not amount to a waiver. The trial court did not err in granting the motion to dismiss.

*Judgment affirmed. Blackburn, P. J., and Barnes, J., concur.*

DECIDED FEBRUARY 3, 2005.

*William S. Hardman*, for appellant.
*Maddox, Cummings, Kelley & Bishop, Thomas S. Bishop*, for appellees.

---

[5] (Punctuation omitted.) *Joyner*, supra, citing *Heis*, supra. Compare *Ga. Power Co. v. O'Bryant*, 169 Ga. App. 491, 494-495 (313 SE2d 709) (1983) (defense of insufficiency of service of process waived by omission from pretrial order).

[6] See *Roberts*, supra at 755 (2) (trial court treated hearing on defendant's motion for summary judgment as a preliminary hearing under OCGA § 9-11-12 (d)).

[7] *CMT Investment Co. v. Automated Graphics Unlimited*, 175 Ga. App. 353, 354 (333 SE2d 196) (1985).