44922. SEAGRAVES v. ABCO MANUFACTURING COMPANY.

ARGUED JANUARY 8, 1970—DECIDED JANUARY 29, 1970—REHEARING DENIED FEBRUARY 19, 1970—

*Wall & Campbell, Alford Wall, Parker & Parker, Richard L. Parker, Andy Estes,* for appellant.

*Lokey & Bowden, Glenn Frick,* for appellee.

JORDAN, Presiding Judge. 1. The first two enumerations are based on the action of the trial court in allowing the defendant to amend its answer by pleading a violation of § 712 of the Fire Prevention Ordinance of the City of Atlanta in effect at the time of the incident as negligence per se by the plaintiff, and in admitting in evidence a certified copy of the ordinance, which provided that:

"No welding, brazing, soldering or cutting of any tank, drum or other container, which has contained any flammable liquid, shall be carried out unless such container has been made oil and gas free through steaming and scouring or the interior air space has been tested and found to contain an inert gas mixture of less than five percent oxygen."

The plaintiff argues that the ordinance places no greater obligation for compliance on the plaintiff than on the defendant, that the amendment wrongfully shifted the burden of compliance to the plaintiff, that the ordinance was inadmissible without a

foundation showing the defendant to be within the class of persons for whose benefit it was enacted, and that it is apparent that it was designed to prevent fires and not to negate liability for any negligent acts of the defendant.

The ordinance speaks for itself as a safety regulation purporting to protect anyone and everyone by imposing a duty on any and every person to refrain from the "welding, brazing, soldering or cutting of any tank" without first determining whether the tank "has contained any flammable liquid" and then determining, if the tank is in this category, that it "has been made oil and gas free through steaming and scouring or" in the alternative, that "the interior air space has been tested and found to contain an inert gas mixture of less than five percent oxygen." Regardless of what the defendant knew about the tank or may have done to prepare it for welding, and regardless of what information the defendant may have furnished the plaintiff in this respect, he was obligated, as an independent contractor hired by the defendant to do the welding, to ascertain whether the tank had been used as a container for flammable liquid, and if so, that it had been prepared for welding as required by the ordinance, before proceeding further.

The trial judge properly allowed the defendant to plead a violation of the ordinance as negligence per se of the plaintiff as a defense to liability, and it necessarily follows that it was proper to admit proof of the ordinance, and to instruct the jury thereon.

2. The third enumeration is based on the refusal of the court to allow testimony of a fire inspector of the City of Atlanta to the effect that the tank, as originally built for the defendant by the plaintiff, was not constructed so that the cover would close automatically at certain temperatures, as required by a section of the Fire Prevention Ordinance of the city, if intended for use as a container for flammable liquid. The plaintiff contends that the testimony was relevant for the purpose of showing a lack of notice to the plaintiff that the tank was intended for flammable liquid.

The real issue as to notice arises in respect to the *actual* use of the tank as a container for flammable liquid before the

plaintiff undertook to repair it, and not in respect to any inferences of probable use based on its design. No harmful error is shown by the ruling of the court sustaining the objection to this testimony.

3. In the fourth enumeration the plaintiff asserts error on the failure of the court to give requested instructions based on quoted language appearing in *Huey v. City of Atlanta,* 8 Ga. App. 597 (3) (70 SE 71) regarding the duty to warn one hired to make repairs of some extraordinary danger or perilous condition.

A careful reading of the charge shows that the instructions as given amply cover the principle involved in the requested instructions. There is presently no requirement in this State that the court instruct in the exact language of a request, even though the request may be correct as an abstract principle of law which is directly applicable to a material issue. See *Moon v. Kimberly,* 116 Ga. App. 74 (156 SE2d 414); *Southern R. Co. v. Grogan,* 113 Ga. App. 451, 457 (148 SE2d 439).

4. The fifth enumeration is based on the failure to give requested instructions as follows: "I further charge you that if you find as a matter of fact that the plaintiff Samuel J. Seagraves, Jr., was ignorant of the explosive qualities of the substance inside the tank or vat that he was employed to weld and repair and that he commenced to work on said tank in reliance on statements of the defendant made to him that said apparatus was safe then in that event I charge you that the plaintiff would not be guilty of contributory negligence causing his own injury."

Standing alone this request omits the qualification that the conduct of the plaintiff, in relying on the representations of the defendant, must be that of a reasonable man. This test is met by the instructions, as given, "that one who relies on representations of another and fails to take precautions for his safety, is not guilty of contributory negligence if a reasonable man would have relied on the representations under the same or similar circumstances." See *Seagraves v. ABCO Mfg. Co.,* 118 Ga. App. 414 (3), supra.

5. Irrespective of any other reasons, the requested instruction which the court refused, on which error is asserted in the

sixth enumeration, is not a correct statement of the law, for even if the jury should believe that the plaintiff acted on the representation of the defendant's president that the tank was clean and ready to weld, it would be erroneous to state further, as requested, that it is "a matter of law that the plaintiff had a right to rely on the statement" for such instructions eliminate from consideration the test of what a reasonable man would do under the same or similar circumstances. See Division 4 of this opinion.

6. The plaintiff asserts error in the eighth enumeration on the giving of instructions requested by the defendant to the effect that if the jury found that the occurrence was proximately caused by the negligence of the plaintiff as well as that of the defendant, the plaintiff could not recover if his negligence was equal to or greater than the negligence of the defendant.

The objection, as made in the lower court, is, "We submit, Your Honor, that the question of contributory negligence is not in this case. Therefore, the court erred on . . . the doctrine of comparative negligence as we know it in Georgia." The plaintiff contends in his brief that these instructions "distorted the rule of comparative negligence under the applicable law of this State in failing to instruct the jury that in the event the jury found that the defendant's negligence was greater than the negligence of the plaintiff then the jury must award the plaintiff damages to be mitigated to the extent of the plaintiff's negligence." The defendant argues, however, that the objection made in the lower court did not reach the issue made in this court, and also, that error by omission is not reached by asserting error on instructions as given, which are not in themselves incorrect.

Under § 17(a) of the Appellate Practice Act as amended (Ga. L. 1968, pp. 1072, 1078; Code Ann. § 70-207(a)), except as otherwise provided, "no party may complain of the giving or the failure to give an instruction to the jury unless he objects thereto before the jury returns its verdict, stating distinctly the matter to which he objects and the grounds of his objection." The purpose of the foregoing rule was to afford the trial judge an opportunity to correct any errors in his instructions without

the necessity of an appeal. Merely to inform the judge that the doctrine of contributory negligence is not in the case (contrary to the decision when the case was on appeal previously) and that the judge erred on the doctrine of comparative negligence is, we think, insufficient in particularity to inform the judge that he had omitted the rule on diminution of damages. We think counsel should have clarified his objection.

Moreover, we do not regard the omission of the diminution rule as harmful error requiring reversal in the present case under the provisions of § 17 (c) of the Appellate Practice Act (*Code Ann.* § 70-207 (c)). We think the instructions given, as a whole, are actually more favorable to the plaintiff than the complete contributory-comparative negligence law in Georgia, which would include the diminution rule allowing partial recovery.

7. We have carefully examined the remaining enumerations of error and find them to be without merit.

*Judgment affirmed. Eberhardt and Pannell, JJ., concur.*