## 46813.   FLEET TRANSPORT COMPANY et al.
## v. COOPER.

BELL, Chief Judge. Plaintiff brought this suit to recover for the wrongful death of her son allegedly caused by the negligence of the defendants. A jury returned a verdict in favor of plaintiff and judgment was entered. On appeal the defendants enumerate as error the overruling of their motions for directed verdict, judgment notwithstanding the verdict and for new trial and a portion of the court's charge to the jury.

1. (a) The evidence, while conflicting, authorized a verdict for plaintiff.

(b) Plaintiff did not aver in her complaint that her son did not leave at the time of his death a wife or child. See *Code Ann.* § 105-1307. The defendants did not by specific negative averment raise any issue as to the capacity of plaintiff to maintain this suit under the cited Code section. Now the defendants, after trial, contend that the evidence is totally deficient to establish that the plaintiff's deceased son left no widow or children and therefore the verdict in plaintiff's favor must be reversed. If the defendants wished to raise an issue as to the plaintiff's capacity to sue, they were required to do so "by specific negative averment, which shall include such supporting particulars as are peculiarly within the pleader's knowledge" and their failure to do so waives this defense. CPA § 9 (a) (*Code Ann.* § 81A-109 (a)); *O'Neil v. Moore,* 118 Ga. App. 424 (164 SE2d 328); *Stuckey's Carriage Inn v. Phillips,* 122 Ga. App. 681 (178 SE2d 543). Since the verdict for plaintiff was authorized and the defense of lack of capacity to sue was waived, it was not error to overrule the motions for directed verdict, judgment n.o.v. or for a new trial on these grounds.

2. The trial court charged the jury on the last clear chance doctrine to which exception was taken by the defendants. The ground of objection was as follows: "We except to that one clause in the charge on the ground that it is an

incorrect statement of the law as applicable to the facts in this case and does not succinctly state what apparently the charge is directed at, i.e., the Last Clear Chance Doctrine." § 17A of the Appellate Practice Act as amended (Ga. L. 1968, pp. 1072, 1078; *Code Ann.* § 70-207 (a)) provides in part: "No party may complain of the giving or the failure to give an instruction to the jury unless he objects thereto before the jury returns its verdict, stating distinctly the matter to which he objects and the grounds of his objection." As was stated in *Seagraves v. ABCO Mfg. Co.,* 121 Ga. App. 224, 227 (173 SE2d 416), one purpose of this statute is to afford the trial judge an opportunity to correct any errors in his instructions without the necessity of an appeal. A general objection to the court's charge which points out no specific defect is insufficient; the objection must be sufficiently specific to bring into focus the precise nature of the alleged error so that it can be reasonably understood by the trial court. *Royal Frozen Foods Co. v. Garrett,* 119 Ga. App. 424, 427 (167 SE2d 400), reversed on other grounds in *Garrett v. Royal Bros. Co.,* 225 Ga. 533 (170 SE2d 294). On appeal defendants now argue that this instruction had the effect of taking away the favorable instructions which the trial court gave on the doctrine of sudden emergency; and that the doctrine of last clear chance was not applicable at all under the facts. These grounds are additional grounds of objection to this charge which were not raised at trial. Grounds of objection to a charge are strictly limited to the grounds of objection stated in the trial. *City of Macon v. Smith,* 117 Ga. App. 363, 377 (160 SE2d 622). As the objection by the defendants at the trial was only a mere general objection and the grounds now urged on appeal were not raised at trial, review of the allegedly erroneous charge is not permitted under the cited authorities.

*Judgment affirmed. Eberhardt, P. J., and Evans, J., concur.*

ARGUED JANUARY 4, 1972—DECIDED MAY 4, 1972— REHEARING DENIED MAY 24, 1972.

*Perry, Walters, Langstaff, Lippitt & Campbell, Robert B. Langstaff,* for appellants.

*John R. Rogers,* for appellee.