## 47882. MACK et al. v. BARNES et al.

CLARK, Judge. Plaintiffs' appeal results from a verdict rendered for defendant doctors based upon alleged medical malpractice in which the enumerations of error are limited to the charge given by the trial judge to the jury. The appellants contend the charge "was improper as confusing, misleading, contradictory, and repetitious so as to prejudice the plaintiffs." During a charge conference the appellants' counsel expressed objections to certain portions of the proposed instructions. This included a statement that "I would object to repeating any portion of the charge a second time." However, there was no objection made at the conclusion of the charge. In fact, the transcript shows that at the conclusion of the charge, upon direct inquiry of the attorneys "to note any exceptions or objections to the charge of the court" there was an express answer of "None, Your Honor." Additionally, when the court made a recharge upon the express request by the jury as to "How we shall consider evidence which may be based on negligence on the part of the doctor or on a question of judgment on the part of the doctor" the court against made specific inquiry of counsel after giving his recharge. Again counsel answered in the negative in reply to the existence of

any "further exceptions or objections to the further instructions of the court."

1. Appellants' counsel recognize the strictness with which this court has applied the charge exception requirement imposed by the Appellate Practice Act codified as Code Ann. § 70-207 (a) since its adoption in 1965 when our legislature comprehensively revised our appellate and post-trial procedure. Illustrative are *Nathan v. Duncan,* 113 Ga. App. 630 (149 SE2d 383); *DuFour v. Martin,* 117 Ga. App. 160 (3) (159 SE2d 450); *Seagraves v. ABCO Manufacturing Co.,* 121 Ga. App. 224 (173 SE2d 416); *Fleet Transport Co. v. Cooper,* 126 Ga. App. 360 (190 SE2d 629); *Seabolt v. Cheesbrough,* 127 Ga. App. 254 (193 SE2d 238); and *Utzman v. Srochi,* 127 Ga. App. 294 (193 SE2d 195). To avoid the impact of these decisions, appellants argue that their failure to object at the conclusion of the charge should be considered under the provisions of subparagraph (c) of Code Ann. § 70-207 which authorizes consideration of erroneous charges that are harmful as a matter of law. Study of the cases in which we have dealt with subparagraph (c) led this court in *Central of Ga. R. Co. v. Luther,* 128 Ga. App. 178 (1), to state this proposition: "Reversals by reason of erroneous jury charges to which no exceptions are taken are generally those in which (1) there was an erroneous presentation of the sole issue for decision or (2) of a kind which would have been likely to influence unduly the jury or (3) blatantly prejudicial to the extent of raising a question as to whether the losing party has thus been deprived of a fair trial or (4) a gross injustice resulted therefrom." We find that the charges referred to by appellants do not come within any of these four categories.

2. Appellants also argue that their objections were expressed during the charge conference. This same argument was made and rejected by this court in *Caudell v. Sargent,* 118 Ga. App. 405 (164 SE2d 148)

wherein this court cited with approval *Atlanta Americana &c. Corp. v. Sika Chemical Corp.,* 117 Ga. App. 707, 710 (161 SE2d 342) and pointed out the requirement is that there be a proper objection "after the court instructed the jury and before the jury returned a verdict."

3. Additionally it is noted that both at the conclusion of the charge and after the recharge appellants expressly answered in the negative when requested to state if there were any exceptions or objections to the charge and to the further instruction. In effect this amounted to a waiver of any exceptions. "A party cannot acquiesce in a ruling of the court, proceed with the trial with the ruling unchallenged, and thereafter, assert that the ruling was harmful error." *State Hwy. Dept. v. Willis,* 106 Ga. App. 821 (2) (128 SE2d 351).

*Judgment affirmed. Hall, P. J., and Evans, J., concur.*

ARGUED FEBRUARY 7, 1973 — DECIDED FEBRUARY 28, 1973.

*Spence, Payne & Masington, Podhurst, Orseck & Parks, Robert Orseck, Johnson, Harper, Daniel, Ward & Stanfield, Frank M. Eldridge,* for appellants.

*T. M. Smith, Jr., Hunter S. Allen, Jr.,* for appellees.