65923. HURST et al. v. J. P. COLLEY CONTRACTORS, INC.

SHULMAN, Chief Judge.

This appeal is from a jury verdict in favor of plaintiff/appellee for property damage sustained as a result of a vehicular accident involving a truck being driven by an agent of appellee and another truck being driven by appellant Hurst and owned by appellant Neel's Wholesale Produce Company. The four enumerations of error relate to the trial court's instructions on last clear chance, required brakes (OCGA § 40-8-50 (Code Ann. § 68-1715)), and horns and warning devices (OCGA § 40-8-70 (Code Ann. § 68-1716)).

1. Appellants first contend that the evidence in this case does not warrant a charge on last clear chance, and that the court

committed a substantial error in charging this issue. Relying upon *Southland Butane Gas Co. v. Blackwell*, 211 Ga. 665, 670 (88 SE2d 6), appellants argue that the evidence shows without dispute that Hurst "had no then existing ability to avoid the collision" when he first realized the peril created by appellee's vehicle. This contention is without merit. Hurst estimated that he was 200-250 feet behind appellee's vehicle when he first realized the emergency created by appellee's vehicle. The jury also heard testimony from an accident reconstructionist that Hurst should have been able to bring his truck to a stop within 185 feet if traveling at 50 miles per hour after allowing for reaction and mechanical lag time. There was additional evidence from which the jury could have concluded that Hurst was negligent in failing to avoid the collision. The court's instruction on last clear chance was amply supported by the evidence.

2. Appellants' second enumeration of error challenges the substance of the trial court's charge on last clear chance. In response to this enumeration, appellee contends that appellants failed in the trial court to take proper exception to the charge on this ground. The relevant colloquy between the court and appellants' counsel after the charge was as follows: "The Court: Any exceptions to the charge . . . [Appellants' counsel]: . . . we would except to the court's charge on the last clear chance and as the Court knows we have discussed this. The Court: I understand. [Appellants' counsel]: All right, sir. I trust I don't need to go further with this? The Court: Exception noted and overruled." The record does not contain a transcript of the hearing and argument on the charge. Appellee contends that the record fails to evidence a specific ground for objection to the charge, as is required by OCGA § 5-5-24 (a) (Code Ann. § 70-207), thus leaving "nothing for this court to review." *Adams v. Wright,* 162 Ga. App. 550 (5) (293 SE2d 446).

Unfortunately, we must agree that appellants failed to take proper exception to the court's charge on last clear chance, although the colloquy quoted above clearly indicates that a charge conference was held and that the charge was discussed at that time. However, proper objection must be made after the charge and before the return of a verdict (*DOT v. Brand,* 149 Ga. App. 547 (6) (254 SE2d 873)), even though appellant objects vigorously during an off the record charge conference. *Caudell v. Sargent,* 118 Ga. App. 405 (164 SE2d 148).

Appellants contend that the colloquy between court and counsel clearly demonstrated that the court understood their objections to the charge and did not want to hear more specific objections. However, there is no indication that the court prevented counsel from perfecting the record in this regard. Additionally, this court is at

a loss based on this record to determine the precise nature of the objections made by appellants before the trial court. Thus, we do not know whether the objections to the language of the instruction urged on appeal were brought to the attention of the trial court. "[O]ne purpose of [OCGA § 5-5-24 (Code Ann. § 70-207)] is to afford the trial judge an opportunity to correct any errors in his instructions without the necessity of an appeal." *Fleet Transport Co. v. Cooper,* 126 Ga. App. 360, 361 (190 SE2d 629). Furthermore, the specific grounds for objection to a charge control the extent of the appellate review of the charge. "[R]eview of the charge enumerated as error is limited under [OCGA § 5-5-24 (a) (Code Ann. § 70-207)] strictly to the ground of objection stated on the trial. [Cits.]" *Pirkle v. Widener,* 119 Ga. App. 401 (2) (167 SE2d 407). Accord, *Bailey v. Todd,* 126 Ga. App. 731, 733 (191 SE2d 547). The record in this case simply presents no ground for review of the substance of the charge.

3. As noted in Division 1, the issue of last clear chance was raised by the evidence. We find no other substantial error in the instruction on this issue requiring review under OCGA § 5-5-24 (c) (Code Ann. § 70-207).

4. Enumerations of Error 3 and 4 relate to the trial court's instructions on two motor vehicle equipment requirements. The court instructed the jury on both braking (OCGA § 40-8-50 (Code Ann. § 68-1715)) and horn and horn operation (OCGA § 40-8-70 (Code Ann. § 68-1716)) requirements. Appellants argued below and on appeal that these instructions are not supported by the evidence. We disagree. Hurst's estimate of the distance it would take to stop his truck, as well as other circumstantial evidence, provided a basis from which the jury could have concluded that his truck did not meet minimum state requirements for braking. There was also evidence from which the jury could have concluded that appellant should have used his horn and that he failed to do so. Both of these enumerations are without merit.

*Judgment affirmed. McMurray, P. J., and Birdsong, J., concur.*

DECIDED JUNE 21, 1983.

*Robert B. Hocutt,* for appellants.
*C. Jerry Willis, Harry J. Bryant,* for appellee.