A91A1663. ANEPOHL v. FERBER et al.
(415 SE2d 9)

SOGNIER, Chief Judge.

Joan Anepohl brought suit against David Ferber and Patricia Whatley seeking to recover damages for personal injuries she allegedly incurred when her automobile was rear ended by a car driven by Ferber and owned by Whatley. The trial court granted Anepohl's motion for a directed verdict as to the issue of liability, but the jury awarded her no damages. Anepohl appeals from the denial of her motion for new trial.

1. Appellant moved for a new trial based on the Supreme Court's opinion in *Denton v. Con-Way Southern Express*, 261 Ga. 41 (402 SE2d 269) (1991), which was rendered after her trial and which held that the collateral source rule set forth in OCGA § 51-12-1 (b) was unconstitutional. She asserted that under *Denton*, the trial court had improperly allowed appellees to cross-examine her about payments she received from collateral sources reimbursing her for lost wages and medical bills allegedly incurred as a result of the collision and had improperly charged the jury as to OCGA § 51-12-1 (b). We agree and reverse.

" '(A)n appellate court must apply the law in effect at the time it renders its decision.' [Cits.] While there well might be an exception to the rule to prevent 'manifest injustice,' [cit.], this equitable exception does not reach a private civil suit where the change [in the law] does not extinguish a cause of action but merely requires a retrial on damages before a properly instructed jury. [Cit.]" *Gulf Offshore Co. v. Mobil Oil Corp.*, 453 U. S. 473, 486, n. 16 (101 SC 2870, 69 LE2d 784) (1981). See *City of Valdosta v. Singleton*, 197 Ga. 194, 208 (28 SE2d 759) (1944).

Appellees argue appellant waived any error by failing to object to the admission of this evidence below. We need not address that argument, however, because appellant also based her motion for new trial on the giving of the jury instruction setting forth the provisions of OCGA § 51-12-1 (b). "[T]he appellate courts shall consider and re-

view erroneous charges where there has been a substantial error in the charge which was harmful as a matter of law, regardless of whether objection was made hereunder or not." OCGA § 5-5-24 (c). The charge given the jury as to the unconstitutional provisions of OCGA § 51-12-1 (b) authorized the jury in the case at bar to calculate the amount of damages awarded in its verdict on the "inherently prejudicial" evidence of collateral source benefits, see *Denton*, supra at 45, and thus was a charge which would have been likely to influence unduly the jury and deprive appellant of a fair trial. See *Mack v. Barnes*, 128 Ga. App. 328, 329 (1) (196 SE2d 684) (1973).

2. Our holding in Division 1 renders it unnecessary for us to address appellant's remaining enumerations.

*Judgment reversed. McMurray, P. J., and Andrews, J., concur.*

DECIDED JANUARY 8, 1992 —
RECONSIDERATION DENIED JANUARY 24, 1992 — 

*Bovis, Kyle & Burch, Steven J. Kyle, Charles M. Medlin*, for appellant.

*Greer, Klosik & Daugherty, John F. Daugherty, Robert J. McCune*, for appellees.