A92A0182. TYLER et al. v. ROBERTS.
(419 SE2d 103)

Pope, Judge.

Plaintiffs Doyster and Rebecca Tyler brought suit against defendant Norman Roberts for personal injury allegedly sustained when the wheel of a trailer hitched to a truck driven by defendant ran over Mr. Tyler's foot after he exited the vehicle. Evidence of payments to plaintiffs from various collateral sources was presented by both plain-

tiffs and defendant at trial. The jury returned a verdict for defendant. Plaintiffs filed a motion for new trial, raising the general grounds. While the motion was pending, the Georgia Supreme Court rendered its decision in *Denton v. Con-Way Southern Express,* 261 Ga. 41 (402 SE2d 269) (1991), holding OCGA § 51-12-1 (b), authorizing the admission in evidence of collateral source payments, to be unconstitutional. Plaintiffs amended their motion for new trial, arguing the trial court's instruction to the jury that they could consider collateral source payments in mitigation of plaintiffs' damages was improper. Plaintiffs appeal the denial of their motion for new trial.

1. This court recently ruled that the holding in *Denton* must be applied retroactively to those cases still pending at the time *Denton* was decided. *Anepohl v. Ferber,* 202 Ga. App. 552 (415 SE2d 9) (1992). Thus, plaintiffs are correct in arguing the holding in *Denton* should have been applied retroactively to their motion for new trial.

2. Pursuant to our ruling in *Anepohl,* the plaintiffs did not waive their objection to the trial court's charge on collateral source payments by failing to raise an objection at trial since, pursuant to OCGA § 5-5-24 (c), the charge was error as a matter of law. We reject defendant's argument that plaintiffs are precluded from raising an objection to the unconstitutional charge because the plaintiffs, themselves, introduced evidence of collateral source payments to support their claim that their damages were substantial. Plaintiffs had the right to introduce evidence of insurance payments to prove their damages, or for any other reason, regardless of the existence or constitutionality of OCGA § 51-12-1 (b). The introduction of such evidence does not, however, preclude plaintiffs from objecting to the improper charge to the jury that they could consider the evidence in mitigation of their damages. Thus, the trial court erred in denying plaintiffs' motion for new trial.

3. Having ruled that plaintiffs are entitled to a new trial, we need not address plaintiffs' remaining enumeration of error.

*Judgment reversed. Carley, P. J., and Johnson, J., concur.*

DECIDED MAY 12, 1992 —
RECONSIDERATION DENIED JUNE 1, 1992 — 

*Bennett, Wisenbaker, Bennett & Williams, Michael S. Bennett,* for appellants.

*Young, Clyatt, Turner, Thagard & Hoffman, James B. Thagard,* for appellee.