A92A1479. ROBERTS v. AMALGAMATED TRANSIT UNION et al.
(423 SE2d 16)

McMURRAY, Presiding Judge.

Plaintiff Roberts was formerly employed by defendant Chatham Area Transit Authority as a bus driver. In connection with that employment, defendant Amalgamated Transit Union, Local 1324, was plaintiff's exclusive collective bargaining representative and the circumstances of plaintiff's employment were governed by a collective bargaining agreement between the defendants.

Plaintiff was injured on the job when the bus he was operating was struck by a car. While plaintiff was out of work receiving medical treatment allegedly related to this injury, he was discharged. In this action, plaintiff sought damages from his former employer on a theory of breach of contract and against the union on theories of breach of various duties to represent plaintiff and tortious interference with

plaintiff's contract with the former employer. Plaintiff appeals following a verdict and judgment in favor of the two defendants. *Held*:

1. In *Denton v. Con-Way Southern Express*, 261 Ga. 41 (402 SE2d 269) (1991), the Georgia Supreme Court held that OCGA § 51-12-1 (b) authorizing the admission in evidence of collateral source payments is unconstitutional. Plaintiff contends, for the first time on appeal, that the trial court erred in charging the jury that they could consider collateral source payments in mitigation of his injuries. This Court recently held in *Anepohl v. Ferber*, 202 Ga. App. 552 (415 SE2d 9), that the holding in *Denton* must be applied retroactively to those cases still pending at the time *Denton* was decided. See *Tyler v. Roberts*, 204 Ga. App. 380, 381 (1) (419 SE2d 103). "Pursuant to our ruling in *Anepohl*, the [plaintiff] did not waive [his] objection to the trial court's charge on collateral source payments by failing to raise an objection at trial since, pursuant to OCGA § 5-5-24 (c), the charge was error as a matter of law." *Tyler v. Roberts*, 204 Ga. App. 381 (2), supra.

Furthermore, we reject defendants' argument that the collateral source rule is applicable only to tort cases and has no applicability to contract cases. While issues concerning application of the collateral source rule to contract cases arise less frequently, this Court has repeatedly applied this principle in breach of contract actions. See *Mallory v. Daniel Lumber Co.*, 191 Ga. App. 234, 235 (1) (381 SE2d 406); *Insurance Co. of N. A. v. Fowler*, 148 Ga. App. 509, 511 (2) (251 SE2d 594); *Bituminous Cas. Corp. v. Mowery*, 145 Ga. App. 45, 52 (244 SE2d 573); *Peoples Bank of LaGrange v. Ga. Bank &c. Co.*, 126 Ga. App. 768, 771-772 (1) (191 SE2d 876).

2. The issues which plaintiff would raise through his remaining enumeration of error were not preserved for appeal by any proper objection at trial, thus are deemed waived.

*Judgment reversed. Sognier, C. J., and Cooper, J., concur.*

DECIDED SEPTEMBER 14, 1992 —
RECONSIDERATION DENIED SEPTEMBER 28, 1992 —

*Wayne B. Kendall,* for appellant.
Ernest S. Roberts, Jr., *pro se.*
*Bouhan, Williams & Levy, Walter C. Hartridge, M. Tyus Butler, Jr., Walls & Corlew, J. Michael Walls, Harold D. Corlew,* for appellees.