## A92A2307. McDONALD et al. v. SIMMONS.
### (428 SE2d 690)

JOHNSON, Judge.

Edward and Mary McDonald filed this negligence action against Waunell Simmons, seeking damages for injuries sustained by Mr. McDonald when he fell through the floor of a home the appellants rented from Simmons. At trial, evidence of payments to the appellants or for their benefit from various collateral sources was presented to the jury pursuant to OCGA § 51-12-1 (b), and the jury was charged on the substance of the statute. On March 15, 1991, the jury returned a verdict in favor of Simmons. On that same day, the Georgia Supreme Court decided *Denton v. Con-Way Southern Express*, 261 Ga. 41 (402 SE2d 269) (1991). In *Denton*, the court held OCGA § 51-12-1 (b) unconstitutional. That statute was the only authority under Georgia law for admission of collateral source payment evidence. The McDonalds filed a motion for a new trial asserting, inter alia, that the court erred in charging the jury on OCGA § 51-12-1 (b). Thereafter,

judgment was entered on the verdict and the McDonalds' motion for a new trial was denied. The McDonalds appeal. We reverse.

1. In *Anepohl v. Ferber*, 202 Ga. App. 552 (415 SE2d 9) (1992), we held that *Denton* must be applied retroactively to those cases still pending at the time *Denton* was decided. The appellants are correct in arguing that the holding in *Denton* should have been applied retroactively to their motion for a new trial. See *Tyler v. Roberts*, 204 Ga. App. 380, 381 (419 SE2d 103) (1992). Simmons' argument that the appellants waived their objection to the unconstitutional charge because they failed to object to the charge on that ground at trial is without merit. See *Roberts v. Amalgamated Transit Union*, 205 Ga. App. 594, 595 (423 SE2d 16) (1992); see also *Tyler*, supra.

2. We need not reach the appellants' remaining enumeration of error in view of our decision in Division 1.

*Judgment reversed. Pope, C. J., and Carley, P. J., concur.*

DECIDED MARCH 9, 1993.

*David B. Pittman, Nathan B. Deaton, Miles, Baker & Morris, Keith M. Morris*, for appellants.

*Andrew, Threlkeld & Ellington, Reid A. Threlkeld, John J. Ellington*, for appellee.